IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JAMES H. OSEI-BONSU, | § |
| | § |
| *Plaintiff* | § |
| | § |
| VS. | § |
| | § NO. _____ |
| MARINE PERSONNEL AND | § |
| PROVISIONING, LLC; | § |
| MARINE TRANSPORT | § |
| MANAGEMENT, INC.; and | § |
| HAPAG-LLOYD USA, LLC | § |
| | § |
| *Defendants* | § |

# PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, **JAMES H. OSEI-BONSU**, hereinafter referred to as Plaintiff, complaining of **MARINE PERSONNEL AND PROVISIONING, LLC; MARINE TRANSPORT MANAGEMENT, INC.; and HAPAG-LLOYD USA, LLC**, hereinafter sometimes jointly referred to as "Defendants", and for causes of action would respectfully show the Court as follows:

**1.**

Plaintiff, **JAMES H. OSEI-BONSU**, a citizen of the United States domiciled in Houston, Texas, brings this cause of action pursuant to 28 U.S.C. § 1333(1); the Jones Act, 46 U.S.C. App. §30104; the Federal Employers' Liability Act (FELA)

(which is incorporated in the Jones Act); and the General Maritime Law of the United States.

**2.**

This is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The suit is filed by a seaman without prepayment of fees or costs pursuant to 28 U.S.C. §1916.

**3.**

Venue is proper inasmuch as Defendants, **MARINE PERSONNEL AND PROVISIONING, LLC and MARINE TRANSPORT MANAGEMENT, INC.**, maintain their principal place of business in Jacksonville and do business in the Middle District of Florida, Jacksonville Division.

**4.**

Defendant, **MARINE PERSONNEL AND PROVISIONING, LCC,** which is also sued in its common name of **"MARINE PERSONNEL AND PROVISIONING"**, is a Delaware limited liability company which maintains its principal place of business in Jacksonville, Florida. This Defendant may be served with process by serving its registered agent, CORPORATE CREATIONS NETWORK INC. 801 US HIGHWAY 1, N PALM BCH, FL 33408.

**5.**

Defendant, **MARINE TRANSPORT MANAGEMENT, INC.**, is a Delaware corporation which maintains its principal place of business in Jacksonville, Florida. This Defendant may be served with process by serving its registered agent, CORPORATE CREATIONS NETWORK INC. 801 US HIGHWAY 1, N PALM BCH, FL 33408.

**6.**

Defendant, **HAPAG-LLOYD USA, LLC**, is a Delaware limited liability company. This Defendant may be served with process by serving its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**7.**

On or about **January 19, 2021**, Plaintiff received serious and disabling injuries to his hip, back and body generally while acting in the course and scope of his employment as a seaman with Defendants, **MARINE PERSONNEL AND PROVISIONING, LLC** and/or **MARINE TRANSPORT MANAGEMENT, INC.** onboard the vessel **M/V CHARLESTON EXPRESS**, which was owned, managed and/or crewed by Defendants.

Plaintiff's injury occurred while the vessel was on navigable waters leaving the dock at a Port of Houston container facility located in Harris County, Texas. At

that time, Plaintiff felt a pain in his hip while pulling a heavy docking line into position on the back deck of the vessel so the line could be coiled with a winch. Plaintiff reported the injury to his supervisor shortly after the docking operation was completed. Plaintiff awoke with severe pain in his hip the next morning and was unable to work due to the pain. He again reported the injury, this time to a deck officer. The deck officer saw that Plaintiff was given pain ointment and then notified the vessel's master. Plaintiff again reported the injury, this time to the master. The master told Plaintiff that he was to leave the vessel when it reached Savannah, Georgia, where his replacement would board the vessel. At no time was an injury report provided for Plaintiff to complete. When the vessel reached Savannah, Plaintiff was met at the gangway by his replacement. Plaintiff's transportation to return to Houston was not provided and Plaintiff was not paid transportation funds to cover the cost of the return trip.

Plaintiff was paid wages only for the period from January 19, 2021 until January 23, 2021, when he was discharged in Savannah, and was not paid wages through the expected end of the voyage.

### 8.

The injuries which Plaintiff received and herein complains of were caused by and resulted through the negligence of one or more of the Defendants, their master,

agents, servants and employees and/or were proximately caused by the unseaworthiness of the vessel. At all times material hereto Plaintiff was a member of the crew of the vessel and received his injuries while serving as a seaman onboard the vessel.

9.

Plaintiff would show that Defendants, **MARINE PERSONNEL AND PROVISIONING, LLC. and/or MARINE TRANSPORT MANAGEMENT, INC.** were negligent in:

    a.    Failing to provide two crew members rather than one to pull the heavy docking line;

    b.    Failing to maintain a sufficient deck crew to safely handle the undocking operation;

    c.    Ordering Plaintiff to pull the heavy docking line by himself;

    d.    Failing to properly train the deck supervisors;

    e.    Failing to provide a safe place to work; and

    f.    Other instances of negligence which may become apparent after further discovery.

**10.**

Plaintiff would show that vessel was unseaworthy in one of more of the following:

    a.    The vessel had a crew which was insufficient in number and/or was incompetent in training to properly handle the heavy docking line during the undocking operation; and

    b.    Other instances of unseaworthiness which may become apparent after further discovery.

**11.**

Plaintiff would show that by reason of the occurrence made the basis of this suit, he suffered serious injuries. As a result of said injuries, Plaintiff suffered a loss of earnings in the past. In addition, Plaintiff suffered physical pain and mental anguish in the past. Furthermore, Plaintiff was afflicted with physical impairment in the past as a result of the injuries sustained. Plaintiff also suffered loss of enjoyment of life as a result of the injuries incurred. Plaintiff was also forced to incur expenses for medical and hospital care as a direct result of the injuries complained of herein.

**12.**

Plaintiff was further entitled to maintenance and cure until such time as he reached maximum medical cure. No maintenance or cure has been paid to Plaintiff

to date regarding this injury. Further, Defendants failed to provide transportation and/or transportation funds for Plaintiff to return to his home in Houston following his injury. Defendants further failed to provide medical treatment to Plaintiff.

**13.**

Plaintiff is also entitled to pre-judgment interest as allowed by law.

WHEREFORE, Plaintiff prays that process be issued and served upon Defendants in the form and manner prescribed by law, requiring Defendants to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against Defendants, jointly and severally, for all damages heretofore pleaded together with pre-judgment interest thereon, post-judgment interest, all costs of court, and for such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

_____
James H. Osei-Bonsu, Plaintiff
11222 Braes Ridge, #3503
Houston, Texas 77071
281-630-5433
osei_joe@yahoo.com

DATED:   January 14, 2024

BY: _____
Paul R. Miller
(Special Admission Motion Filed)
Attorney at Law
4265 San Felipe, Suite 1100
Houston, Texas 77027
(281) 334-0839
(281) 334-0873 (fax)
pmiller@me.com
LEAD COUNSEL FOR PLAINTIFF

DATED:    January 14, 2024